### GEORGE BARTOL *vs.* WILLIAM STANWOOD.

By *St.* 1840 *c.* 87, §§ 4, 5, the rulings of the court of common pleas on the admissibility of evidence, and their instructions to the jury, on the trial of an issue joined on a plea in abatement, are not the subject of a bill of exceptions.

IN this action, which was assumpsit, brought by the plaintiff, residing in Boston, against the defendant, a resident of Brunswick, in the State of Maine, no service of the writ was made, otherwise than by an attachment of the barque Sarah Ann, then lying in Boston, as the property of the defendant.

The defendant pleaded in abatement, that, at the time of the pretended service of the writ, he had no right, title, interest or property in said barque. And the plaintiff joined issue on this plea.

On the trial of this issue in the court of common pleas, certain evidence, offered by the defendant, was objected to by the plaintiff as incompetent, but admitted by the judge; and the jury, under his instructions, found a verdict for the defendant; whereupon the plaintiff alleged exceptions to the rulings and instructions of the judge.

The defendant now moved that the exceptions be dismissed, on the ground that by *St.* 1840, *c.* 87, the judgment of the court of common pleas on a plea in abatement is final, and that therefore no exception would lie in this case.

The case was argued and decided at the last November term.

*F. L. Washburn,* for defendant.

*O. B. Low,* for the plaintiff.

BY THE COURT. It is apparent, on looking at the record in this case, that the trial was of an issue joined on a plea in abatement. It appears quite manifest, from the terms of the statute of 1840, c. 87, §§ 4, 5, that, from the provisions allowing exceptions in matters of law, and appeals, where there is any error on the face of the record, judgments on pleas in abatement are expressly excepted. This point is determined by previous decisions. *Browning* v. *Bancroft*, 5 Met. 88; *Sawyer* v. *Pratt*, 9 Met. 170.

*Exceptions dismissed.*